IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Case No. 5:13-CV-97 (Judge Stamp) |
| v. ) ) | Electronically Filed 7/31/2013 |
| WEIRTON MEDICAL CENTER, ) ) ) | **COMPLAINT AND JURY TRIAL DEMAND** |
| Defendant. ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*; the Age Discrimination in Employment Act, as amended (the "ADEA"), 29 U.S.C. § 621, *et seq.*; and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of age and disability and to provide appropriate relief to Paul E. Ayers, who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Weirton Medical Center ("Defendant") failed to select Paul Ayers because of his age, then 48 years, for the position of Multi-Craftsman Assistant in violation of the ADEA and because Defendant regarded Ayers as disabled due to his back impairment in violation of the ADA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA,

as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, and pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of West Virginia.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and Titles I and V of the ADA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, and Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a corporation doing business within the State of West Virginia and City of Weirton with at least twenty (20) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h), and Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5)

& (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e-(g),(h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. More than thirty days prior to the institution of this lawsuit, Paul Ayers filed a charge of discrimination with the Commission alleging violations of the ADEA and ADA by Weirton Medical Center. All conditions precedent to the institution of this lawsuit have been fulfilled.

## CONCILIATION

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below, and to effect voluntary compliance by Defendant with the ADEA and the ADA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b) and Section 706(b) of Title VII, 42 U.S.C. §2000e-5(b), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

## STATEMENT OF CLAIMS

9. Since at least June 2011, Defendant has engaged in unlawful employment practices. These unlawful actions are in violation of Sections (4)(a)(1) and 7(b) of the ADEA, 29 U.S.C. §§ 623(a)(1) and 626(b), and Section 102(a) of the ADA, 42 U.S.C. §§ 12112(a), by failing to hire Paul Ayers for the available position of Multi-Craftsman Assistant because of his age, 48, and because Defendant regarded Ayers as disabled.

10. On or about June 27, 2011, Ayers, a current and long-time linen technician employee of Defendant, placed a bid for a position in Defendant's maintenance department as a Multi-Craftsman Assistant.

11. Ayers was 48 years of age at the time that he applied for the Multi-Craftsman Assistant position.

12. Ayers, a qualified individual, had a non-minor and non-transitory back impairment, a herniated disc, at the time that he applied for the Multi-Craftsman Assistant position.

13. In July 2011, Defendant's Maintenance Director Jim Lilly ("Lilly") interviewed Ayers in-person for the position of Multi-Craftsman Assistant. During the interview Lilly informed Ayers that he was looking for "someone younger than him [Ayers]" and that his back impairment "might be a problem."

14. During the interview, Ayers discussed with Lilly his workers' compensation 10% partial disability status (related to his back impairment) and certain information regarding that status. Contemporaneous business records of the job interview show that Lilly twice wrote down the fact that Ayers possessed partial disability status under the interview form headings "Attitude to Employment" and "Impression During Interview." Lilly noted specifically that the disability status was the result of a "back injury." Lilly did not write anything else under those two interview form headings.

15. In August 2011, Lilly selected Patrick Gillette, a 45-year old applicant without the same impairment, for the Multi-Craftsman Assistant position.

16. During the Commission's administrative investigation, on November 27, 2012, Lilly, Defendant's Director of Human Resources Barbara Coalter, and Defendant's counsel

4

Ashley L. Yeager attended an EEOC investigative fact finding conference during which Lilly admitted to the assigned EEOC Investigator that Defendant did not select Ayers for the position Ayers sought because Lilly "wanted somebody younger and more energetic than [Ayers] and me."

17. The effect of the practices complained of above in paragraphs 9 through 16 has been to deprive Ayers of equal employment opportunities and otherwise adversely affect his status as an employee because of his age and because Defendant regarded him as disabled.

18. The unlawful employment practices complained of in paragraphs 9 through 16, above, were intentional.

19. The unlawful employment practices complained of in paragraphs 9 through 16, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

20. The unlawful employment practices complained of in paragraphs 9 through 16, above, were done with malice or with reckless indifference to the federally protected rights of Ayers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of age and/or disability;

B. Order Defendant to implement non-discriminatory, objective, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required

by the Court and inform all employees that it will not discriminate against any employee because of age and/or disability, including that it will comply with all aspects of the ADEA and the ADA;

    C.    Order Defendant to make whole Ayers by providing appropriate back pay, an equal sum as liquidated damages, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

    D.    Order Defendant to instate Ayers into the position of Multi-Craftsman Assistant or make him whole by providing him with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices;

    E.    Order Defendant to make whole Ayers by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

    F.    Order Defendant to make whole Ayers by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, embarrassment, frustration, and humiliation in amounts to be determined at trial;

    G.    Order Defendant to pay Ayers punitive damages for its malicious conduct and reckless indifference to his federally protected right to be free from discrimination because he is regarded as disabled;

    H.    Grant such further relief as the Court deems necessary and proper; and

    I.    Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                Respectfully submitted,

                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION

                P. DAVID LOPEZ
                General Counsel

                JAMES L. LEE
                Deputy General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel

                /s/ DEBRA M. LAWRENCE
                Regional Attorney
                EEOC-Philadelphia District Office
                City Crescent Building, 3rd Floor
                10 South Howard Street
                Baltimore, Maryland 21201
                Telephone number: (410) 209-2734
                Facsimile number: (410) 962-4270

                /s/ RONALD L. PHILLIPS
                Supervisory Trial Attorney
                EEOC-Baltimore Field Office
                City Crescent Building, 3rd Floor
                10 South Howard Street
                Baltimore, Maryland 21201
                Telephone number: (410) 209-2737
                Facsimile number: (410) 962-4270

                /s/ REGINA ANDREW
                Senior Trial Attorney
                EEOC-Baltimore Field Office
                City Crescent Building, 3rd Floor
                10 South Howard Street
                Baltimore, Maryland 21201

              Telephone number: (410) 209-2724
              Facsimile number: (410) 962-4270

              <u>/s/ DEBORAH A. KANE</u>
              Senior Trial Attorney
              EEOC – Pittsburgh Area Office
              1000 Liberty Avenue, Suite 1112
              Pittsburgh, PA 15222
              Telephone number: (412) 395-5866
              Facsimile number: (412) 395-5749
              E-mail address: deborah.kane@eeoc.gov


              UNITED STATES OF AMERICA

              WILLIAM J. IHLENFELD, II
              UNITED STATES ATTORNEY


   By:     /s/  Helen Campbell Altmeyer
              Assistant United States Attorney
              WV Bar # 117
              United States Attorney's Office
              P.O. Box 591
              Wheeling, WV  26003
              Phone:   304-234-0100
              Fax:       304-234-0112
              E-mail:  Helen.Altmeyer@usdoj.gov